UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK DONALD GREEN,

       Petitioner,

Case No. 2:12-CV-441

v.

HON. GORDON J. QUIST

JEFF WOODS,

       Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
AFFIRMING ORDER DENYING REQUEST FOR STAY**

Petitioner, Derrick Donald Green, filed a petition for habeas corpus asserting four separate claims for relief. On September 9, 2015, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny the petition. Petitioner timely filed objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

*Motion to Stay Proceedings*

Prior to issuance of the R & R, Petitioner moved to stay the proceedings to allow him to return to state court to exhaust his administrative remedies. The magistrate judge denied that motion, in part because Petitioner failed to explain the reason for his failure to exhaust his state court remedies previously. In his objections, Petitioner argues that the magistrate judge erred in denying

that motion. The Court will treat that portion of Petitioner's objections as an appeal of the magistrate judge's order.

The local rules allow a party to appeal a magistrate judge's order regarding a non-dispositive matter within 14 days after service of the order. W.D. Mich. LcivR 72.3(a). Petitioner did not appeal the magistrate judge's order within that 14-day time period. Nonetheless, even if Petitioner had timely filed an appeal, it would fail. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535 (2005). Petitioner has failed to provide any explanation for his failure to exhaust his claims first in state court, let alone good cause. Accordingly, the Court concludes that the magistrate judge did not clearly err in denying Petitioner's motion. *See* 28 U.S.C. § 636(b)(1)(A).

## *Objections*

1. <u>Ineffective Assistance of Counsel</u>

Petitioner argues that the magistrate judge erred in denying his ineffective assistance of counsel claims. Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, a petitioner asserting ineffective assistance of counsel must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687, 104 S. Ct. at 2064. The prejudice prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Petitioner's first claim is based on the fact that his wife testified at his preliminary examination. Petitioner argues that his counsel should have informed Petitioner's wife of her right to invoke the spousal privilege, and that the failure to do so constituted ineffective assistance. The

2

Michigan Court of Appeals rejected Petitioner's claim, concluding that Petitioner could not demonstrate prejudice because even without Petitioner's wife's testimony, the prosecution presented overwhelming evidence of Petitioner's guilt.

The state court's decision was not contrary to, nor did it involve an unreasonable interpretation of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d). Contrary to Petitioner's argument, the state court did not transform the *Strickland* analysis into a sufficiency of the evidence review. Where there is overwhelming evidence of a petitioner's guilt, it is not unreasonable for a court to rely on that evidence in determining that the petitioner was not deprived of a trial that produced reliable results. *See Poindexter v. Mitchell*, 454 F.3d 564, 582 (6th Cir. 2006) (rejecting the petitioner's ineffective assistance clam because "given the overwhelming evidence that [the petitioner] was guilty of aggravated murder, there is no reasonable probability that the outcome of the trial would have been different absent counsel's [error]"). *See also Manley v. Ross Corr. Inst.*, 314 F. App'x 776, 787 (6th Cir. 2008) ("Given the strength of the state's evidence, we therefore conclude that defense counsel's errors were insufficient to undermine our confidence in the trial's outcome."). Accordingly, Petitioner's has failed to demonstrate any error in the state court's decision.[1]

Petitioner also objects to the magistrate judge's conclusion that his counsel was not ineffective for failing to object to a jury instruction. Petitioner does not state a specific objection, however, but rather "relies on his habeas filing as objection." Petitioner's failure to raise a specific

---

[1] Petitioner has also failed to present any evidence that his wife would have chosen not to testify if she had been informed of the privilege. *See Brown v. United States*, No. 1:03 CV 520, 2006 WL 2686847, at *4 (E.D. Tex. Sept. 15, 2006) (finding no prejudice because there was no evidence that the petitioner's wife would have refused to testify if she had been advised of her right to invoke the spousal privilege). Although he includes a footnote indicating that he may have presented an affidavit from his wife in the state court proceedings, he has not presented that affidavit to this Court. A district court is not required to search the state court record to find evidence that could bolster a petitioner's claims. *See Emerson v. Novartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) ("[J]udges are not like pigs, hunting for truffles" that might be buried in the record.") (internal quotation marks omitted).

objection to the magistrate judge's conclusion regarding the jury instruction waives any such objection. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir.2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, the magistrate judge did not err in concluding that the state court reasonably interpreted federal law in concluding that no prejudice resulted from counsel's failure to object.

2. Prosecutorial Misconduct

Plaintiff objects to the magistrate judge's conclusion that his prosecutorial misconduct claim should be rejected. Petitioner does not flesh out his argument, but simply states that the magistrate judge's conclusion is erroneous because it fails to adequately weigh the impact of unresponsive testimony that Petitioner alleges was elicited by the prosecutor. Petitioner fails, however, to explain how such testimony deprived him of a fundamentally fair trial or why the state court's determination was unreasonable. Accordingly, the Court will overrule this objection.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

4

constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (dkt. # 35) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (dkt. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (Dkt. # 36) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Order Denying Motion to Stay (Dkt. # 34) is **AFFIRMED**.

**This case is concluded.**

Dated: December 2, 2015 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE